Asked case, I think, right? And yes, please. Next, we have in Ray Tucker. Fred Tucker appellant appearing pro se. And Jan Chilton appearing for Apple. Okay, Mr. Tucker, good afternoon. Good afternoon. Would you like to save a little time to speak after Mr. Chilton speaks a few minutes of your 15 minutes. I didn't understand you. I'm sorry. Did you want to reserve? You'll have a, you'll have a total of 15 minutes. If you want to take part of that 15 minutes and save it for after Mr. Chilton, you could do that. You may have heard other lawyers take 3 minutes, 5 minutes, for example. You want to do that? No, I would like to before we get started, I would like to ask the court for. Continues on this matter. For because of my medical conditions, and the fact that I just received some. Information from the other party, and I've been a bankruptcy case. I don't know if you're aware of it. Always let me stop you. Let's go ahead and start the clock. You go ahead and make that presentation. Mr. Tucker. Go ahead. Please. You speaking to me? Yes, go ahead. Mr. Tucker. Please. I just found out that. My bankruptcy case was dismissed and we're in trying. We are in negotiation to put get that matter back on calendar. The attorney that was handling that for me and. The reason the reason. That's the reason. That's the reason why I'm asking for a contingency this year because the person that was supposed to help me with this year. He came up with some problems, so my notes and things that I was going to present to the court, I don't have that and and also the matter of the. The other party just. Email me some information about. I would just like to continue on this year for 3 months. Okay. We'll have to discuss that after we conclude. And, you know, I think it's unlikely we, it takes some effort to get everybody together to do these hearings. So we're very reluctant to give continuances. And we also have everybody's briefs. We've read what you filed. So we think we're pretty familiar with your case and the record. So, if there's anything else you'd like to tell us today, go ahead. We'll, we'll think about giving a continuance. I think it's unlikely, though. The basis of the appeal. Was the fact that the party's Chase bank was not served and that because the motion for relief from stay is a contested matter. And under rule 9014, it said it must be served pursuant to rule number 7004B. George Zillow, in another matter, in 2013, denied Bank of America requests for release from automatic stay under the same reasons because Bank of America did not give proper notice. So, that's in the court. Mr. Tugger, can I ask you just a question? Could I ask you? It's my understanding that despite that objection, a sale has already occurred of the property and it was transferred to a third party, not affiliated with the bank. Mr. Jones is now the owner of that property. You aware of that? Could you repeat that? Hold on. Let me turn off the mic. Okay, go ahead. Yeah, you made this objection to the bankruptcy court that there was improper service on one of the lien holders and that the sale shouldn't go forward. But the bankruptcy court went ahead and authorized, entered the 364D order and the PNC went ahead and sold the property and the property is now purchased by another man, a man named Mr. Jones. He's the owner of the property by virtue of a deed that was transferred to him after the sale was conducted. Are you aware of that? Yes, that matters in Superior Court now. Okay. Number two is you don't live at the property any longer, do you? Yes. You do still live at the property? Yes. So, you're still in possession even though Mr. Jones is the owner of the property? Yes, that matters. Like I was speaking, that matters in Superior Court, downtown Los Angeles. A matter was filed on that, I think it was in November of last year. Because of the fact that there was some illegal matters that was done by the trustee of concerning the sale of the property. And, and doing the sale of the property, there were some things that were done that was not proper. That's what's going on in that particular case now. But, given the fact that Chase is a secure creditor, they should have been served to protect their interests because they got wiped out. And I'm dealing with that now. Also, I'm dealing with that now. Also, so only my only I see that the court, especially I think it says the District of Arizona, I think you have spent some time on this case, reading it, going over it, and I appreciate that, but it's been going on a little while now and PNC attorneys have concealed information in order to get the demur in the first place, and I'm dealing with that also now. But I'm not trying to make excuses. We have been in the property for 27, 28 years. 28 years before this matter came up and and the property would have been paid off in three years if we'd have been in 2018. That's when all this came up in 2015. I don't know if you're aware of that, but in any event, my whole thing back and forth that the judge in this particular case gave the release of stay and the other party was not served, and he had did this on another matter. And that's basically the argument that we are going with and that the bankruptcy case is going to be put back on calendar. That's what Tony is working on now. Okay. Thank you. Mr. Chilton, go ahead, please. Thank you, Your Honors. Good afternoon. Jan Chilton, Severson & Worsen representing PNC Bank. This matter is moot. The bankruptcy court has dismissed the underlying bankruptcy case. This morning, I filed a motion to dismiss the appeal as moot on that basis. Doesn't your, doesn't the order provide for in rem relief? Yes, it does. So that continues beyond the dismissal of the bankruptcy case, right? Well, no, because of the, pardon me, because of the fact that the property has been sold. I mean, in rem relief only works if there's a rem around. Right. But what about Mr. Tucker? He says he's still in possession of the property. What about that? Well, that's something that will be sorted out in state court, presumably in an unlawful detainer action. But what happens if Mr. Tucker files another case, for example, now and says he has an interest in the property by virtue of his possession and his right to challenge the foreclosure, et cetera? What would your position be that the in rem relief would apply in another case filed by Mr. Tucker? Well, I don't think at this point, PNC has any interest in the property. It's sold its, you know, at the foreclosure sale. The lien of its deed of trust was wiped out by the sale. So at this point, it wouldn't be a creditor in a future bankruptcy. I mean, if I were in Mr. Jones' shoes, the buyer's shoes, I'd sure use that in rem order, right? Well, that may be something that Mr. Jones would try to do. But Mr. Jones isn't before you. And this appeal doesn't involve him. But it does involve the in rem aspect of the order. That's the point I'm making. It does. And if, you know, if that's enough to keep this appeal in court, fine. We ought to win on the merits. The basic point that Mr. Tucker has been making is that there was an error in service on JPMorgan Chase. The bankruptcy court so found. We don't contest that. But the bankruptcy court also correctly held that Mr. Tucker has no standing to raise that issue. And we've cited the Ninth Circuit opinion that supports that view at pages 10 and 11 of our brief. As to the other aspect of it, the propriety of the relief from stay, first of all, you've heard no argument about it today. And secondly, you're governed by the abuse of discretion standard and reviewing that. And here you have a history of repeated litigation, repeated bankruptcy filings to avoid foreclosure. And all of that was properly taken into account by the bankruptcy judge in entering his order under both D and G of 362. So there's, I mean, he applied the correct law. He judged the facts in a certainly reasonable manner and therefore didn't abuse his discretion. And therefore, you should affirm. Okay. Thank you. Any questions from the panel? Okay. Mr. Tucker, you've got some time left. If you'd like to respond to anything Mr. Chilton says, if you want to, it's up to you. He mentioned unlawful detainer. They tried to, they tried that and the court threw that out. It was unsuccessful. As far as the matters of the state court, that's including PNC and the attorney that handled it, Wolf, and also Calvin Jones and other entities that committed fraudulent act to obtain the property. But I'm still in the property. And the matter that's in the state court is still going forward. My only argument is, excuse me, not my only argument, the only thing that I can think of without proper notes that my friend was going to help me with is that before the bankruptcy is going to be put back on calendar. Because of the fact that they wanted me, I got a note from him just recently. The trustee is going to stipulate we have, they wanted me to change the plan and I just have to sign the documents. I have the documents here. I just have to sign the documents to get it over to them. And the trustee is going to stipulate to reinstate the bankruptcy. Okay, that's right. Okay. Okay, well, thank you very much. Mr. Tucker, we will talk about the continuance. I got to say, I don't think we'll give it to you. But if we do set another date for oral argument, you'll certainly hear from us. Otherwise, the matter is submitted and thank you both for your arguments. That's the end of our calendar. So court's in recess. Thank you very much. Thank you. Thank you.
judges: Faris, Spraker, and Gan